Filed 3/26/14  In re A.A. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.A.,<br><br>        Defendant and Appellant. | A139788<br><br>(Alameda County<br>Super. Ct. No. SJ13020944) |

A.A. appeals from a dispositional order placing him on informal probation pursuant to Welfare and Institutions Code section 654.2.  His counsel raises no issues and asks this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief but did not do so.

On May 15, 2013, a Welfare and Institutions Code section 602 petition was filed alleging that defendant made a felony criminal threat (Pen. Code, § 422).  The charge was based on the allegation that defendant posted the following message on the Facebook Web site:  "I'm not the only one that wants to shoot up the school, right?  I literally hate almost every single shit sucker that goes here Almost every [sic]."  On July 18, 2013, the court, on the district attorney's motion, reduced the offense to a misdemeanor and

1

referred defendant to the probation department to determine his suitability for informal supervision.

On September 10, 2013, the prosecutor requested that defendant consent to a search clause as a condition of informal probation. Defendant consented to the search condition, but reserved an objection to the condition to preserve the issue on appeal. The court placed defendant on informal probation pursuant to Welfare and Institutions Code section 654.2 on standard conditions including a search clause.

On December 27, 2013, defendant filed a petition for writ of mandate challenging the search condition in Case No. A140581. This court denied the petition on February 11, 2014.

Defendant now purports to appeal from the order placing him on informal probation. An order of informal supervision, however, is not an appealable judgment. (Welf. and Inst. Code, § 800, subd. (a); *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 791.) Accordingly, we dismiss the appeal.

The appeal is dismissed.

_____

Rivera, J.

We concur:


_____

Ruvolo, P.J.


_____

Reardon, J.


A139788

3